# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 14, 2009

## STATE OF TENNESSEE v. JAMES RAY BOLES

**Direct Appeal from the Circuit Court for Tipton County**
**No. 5944     Joseph H. Walker, Judge**

---

**No. W2008-02659-CCA-R3-CD   -   Filed November 18, 2009**

---

The appellant entered pleas of nolo contendere to two counts of statutory rape by an authority figure, and he pled guilty to one count of statutory rape by an authority figure. The trial court imposed a sentence of three years for each conviction and ordered that two of the sentences be served consecutively for a total effective sentence of six years. On appeal, the appellant challenges the trial court's imposition of consecutive sentencing. Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Lyle A. Jones, Covington, Tennessee, for the appellant, James Ray Boles.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and P. Neal Oldham, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The appellant did not include a transcript of the guilty plea hearing in the record on appeal. Therefore, we are unaware of the specific facts underlying each offense. However, the record reflects that all three counts stemmed from incidents involving the appellant's daughter, J.M.[1] The count to which the appellant pled guilty resulted from the appellant forcing the victim to perform oral sex on him.

---

[1] It is the policy of this court to refer to minor victims of sexual crimes by their initials.

J.M. testified at the sentencing hearing. She said that the incidents had affected her life dramatically because she could think of nothing else. She stated that she was in counseling, trying to "work through things." She said that she had grown closer to her grandmother and her sisters since the offenses.

She stated that she no longer considered the appellant to be her father and that she wanted to have no further contact with him. The victim said that she wanted the appellant to serve more than three years in confinement.

The appellant testified that in the past, he used marijuana on an almost daily basis. However, he said that his nine months of incarceration had helped him to think more clearly. The appellant admitted that he was guilty of the charge to which he pled. He contended that he did not commit the charges to which he pled nolo contendere, insisting that his daughter lied about the offenses.

The appellant acknowledged that what he did was "terribly wrong." He said that the psychiatrist who evaluated him believed he was a low risk to reoffend. The appellant agreed with that assessment, maintaining that he committed the offense because he was angry with the victim for getting into trouble at school. The appellant stated that he did not blame the victim for the offense. The appellant said he was sorry and knew he had hurt his family.

The trial court imposed a sentence of three years as a standard, Range I offender for each of the three counts. Further, the court found that the counts to which the appellant pled nolo contendere should be served concurrently with each other but consecutively to the remaining count for a total effective sentence of six years. On appeal, the appellant challenges the imposition of consecutive sentencing.

## II. Analysis

"Whether sentences are to be served concurrently or consecutively is a matter addressed to the sound discretion of the trial court." State v. Adams, 973 S.W.2d 224, 230-31 (Tenn. Crim. App. 1997). Tennessee Code Annotated section 40-35-115(b) (2006) contains the discretionary criteria for imposing consecutive sentencing. See also State v. Wilkerson, 905 S.W.2d 933, 936 (Tenn. 1995). The trial court in the instant case imposed consecutive sentencing upon finding the following criterion:

> The [appellant was] convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the [appellant] and victim or victims, the time span of [the appellant's] undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims.

Tenn. Code Ann. § 40-35-115(b)(5) (2006). In challenging the trial court's finding, the appellant maintains that "[t]his represents a one-time offense as opposed to an ongoing pattern of offenses."[2]

Regardless, as we have noted, the appellant failed to include the transcript of the guilty plea hearing in the record for our review. This court has previously stated, "A guilty plea hearing often provides an important occasion for the state to present its proof, and thus, it is the equivalent of a trial and should be made part of the record on appeal in order to comply with [Tennessee Code Annotated section] 40-35-210." State v. Bobby Blair, No. M2002-02376-CCA-R3-CD, 2003 WL 22888924, at *2 (Tenn. Crim. App. at Nashville, Dec. 5, 2003); see also State v. Shatha Litisser Jones, No. W2002-02697-CCA-R3-CD, 2003 WL 21644345, at *3 (Tenn. Crim. App. at Jackson, July 14, 2003). Accordingly, the appellant's "failure to include the transcript of the guilty plea hearing in the record prohibits the court's conducting a full *de novo* review of the sentence under [Tennessee Code Annotated section] 40-35-210(b)." Jones, No. W2002-02697-CCA-R3-CD, 2003 WL 21644345, at *3. As we earlier lamented, we have few facts before us with which to evaluate the trial court's determination.

The appellant carries the burden of ensuring that the record on appeal conveys a fair, accurate, and complete account of what has transpired with respect to those issues that are the bases of appeal. Tenn. R. App. P. 24(b); see also Thompson v. State, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997). "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Accordingly, we presume that the trial court correctly imposed consecutive sentencing.

### III. Conclusion

Based upon the foregoing, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE

---

[2] We note that the indictments and the judgments of conviction reflect that the offenses occurred in March 2007 and on or about February 4, 2008.